IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

---

JOSEPH GUARNERI,

        Plaintiff,         Civil Action No.
                                  9:14-CV-1546 (DNH/DEP)
  v.

JOHN CRAWELY, Corrections Officer,

        Defendant.

---

APPEARANCES:                               OF COUNSEL:

FOR PLAINTIFF:

JOSEPH GUARNERI, *Pro se*
1009 East Main Street
Cobleskill, NY 12043

FOR DEFENDANT:

HON. THOMAS MARCELLE         ADAM G. GIANGRECO, ESQ.
Albany County Attorney            Assistant Count Attorney
112 State Street
Room 1010
Albany, NY 12207

DAVID E. PEEBLES
U.S. MAGISTRATE JUDGE

# REPORT AND RECOMMENDATION

This is a civil rights action brought by *pro se* plaintiff Joseph Guarneri, a former New York State prison inmate, pursuant to 42 U.S.C. § 1983. Although his complaint sets forth a variety of causes of action against multiple defendants, all that remains in the action is a single claim of excessive force asserted against a corrections officer employed at the prison facility in which plaintiff was confined at the relevant times. The defendant has responded to plaintiff's complaint by moving to dismiss the remaining claim based upon the existence of a parallel state court action involving the same parties and legal claim.

Both defendant's motion papers and a notice informing plaintiff of the deadline for opposing defendant's motion were mailed to him at the address listed in his complaint but have been returned as undeliverable. In addition, plaintiff has failed to respond to defendant's motion. Based upon these circumstances, I recommend that plaintiff's complaint be dismissed for failure to prosecute.

I.  BACKGROUND

Plaintiff commenced this action in the Western District of New York on August 25, 2014. Dkt. No. 1. Plaintiff's complaint asserts a variety of claims against the Albany Correctional Facility and twelve individuals, including (1)

deliberate medical indifference, (2) excessive force, (3) interference with access to the courts, (4) retaliation, and (5) denial of due process. *See generally id.* Because plaintiff's claims arise from events that occurred at the Albany Correctional Facility, which is located in this district, the action was transferred to this court by District Judge Richard J. Arcara on November 25, 2014. Dkt. No. 3.

Following the transfer of the matter to this district, plaintiff's complaint and accompanying application for leave to proceed *in forma pauperis* ("IFP") were forwarded to District Judge David N. Hurd for his consideration and a review of plaintiff's claims pursuant to 28 U.S.C. § 1915(e). On January 29, 2013, Judge Hurd issued an order granting plaintiff's IFP application and dismissing all of his claims with the exception of his excessive force cause of action against defendant John Crawley.[1] Dkt. No. 5. Although the court mailed Judge Hurd's decision and order to plaintiff using the address listed in the complaint, it was returned as undeliverable on February 9, 2015. Dkt. No. 7.

On March 26, 2015, defendant Crawley filed a motion to dismiss plaintiff's sole remaining claim based on the abstention doctrine and the

---

[1] Several of plaintiff's claims were dismissed without prejudice. Dkt. No. 5 at 21-22. Plaintiff was advised that, if he wished to pursue one or more of the dismissed claims, he could seek leave to amend his complaint in accordance with Rule 15 of the Federal Rules of Civil Procedure and Rule 7.1(a)(4) of the local rules of practice for this court. *Id.* at 22 n. 7.

pendency of a parallel proceeding involving the same allegations commenced by plaintiff in New York State Supreme Court, Albany County.[2] Dkt. No. 12-3 at 7-15; Dkt. No. 12-2.

Upon the filing of defendant's dismissal motion, the court issued a text notice on March 27, 2015, informing the parties that plaintiff's response to the motion would be due on April 21, 2015. Text Re-Notice Dated Mar. 27, 2015; *see also* Dkt. No. 14. The notice, which was forwarded by regular mail to plaintiff at the address listed in his complaint, was returned to the court on April 6, 2015, with the following notation:

> RETURN TO SENDER
> NOT DELIVERABLE AS ADDRESSED
> UNABLE TO FORWARD[.]

Dkt. No. 17. Since the return of that notice, defendant's counsel has advised that an envelope sent to plaintiff by his office on March 27, 2015, containing copies of defendant's motion papers, was also returned as undelivered. Dkt. No. 18. Not surprisingly, despite the passage of the deadline to respond,

---

[2] A summons issued to defendant Crawley was returned to the court unexecuted on March 30, 2015. Dkt. No. 16. Although it does not appear that defendant Crawley either was served or has waived or acknowledged service, he has effectively waived any defense based on lack of personal jurisdiction or insufficient process because neither was asserted in his motion to dismiss. Fed. R. Civ. P. 12(h); *see, e.g., Zim Integrated Shipping Servs., Ltd. v. Knott*, No. 12-CV-3478, 2013 WL 500636, at *1 (S.D.N.Y. Feb. 11, 2013).

plaintiff has not filed any opposition to defendant's motion, which remains pending.

II.  DISCUSSION

For reasons that should be self-evident, this court's local rules require that "[a]ll attorneys of record and *pro se* litigants [to] immediately notify the Court of any change of address." N.D.N.Y.L.R. 10.1(c)(2) (emphasis omitted). As one court has observed with respect to this requirement,

> [i]t is neither feasible nor legally required that the clerks of the district courts undertake independently to maintain current addresses on all parties to pending actions. It is incumbent upon litigants to inform the clerk of address changes, for it is manifest that communications between the clerk and the parties or their counsel will be conducted principally by mail. In addition to keeping the clerk informed of any change of address, parties are obliged to make timely status inquiries. Address changes normally would be reflected by those inquiries if made in writing.

*Perkins v. King*, No. 84-3310, 759 F.2d 19 (table), slip op. at 4 (5th Cir. Mar. 19, 1985); *accord, Dansby v. Albany Cnty. Corr. Facility Staff*, No. 95-CV-1525, 1996 WL 172699, at *1 (N.D.N.Y. Apr. 10, 1996) (Pooler, J.).[3] Plaintiff was reminded of his obligation to maintain an updated address with the court in Judge Hurd's decision dated January 29, 2015, which

---

[3] All unreported decisions cited to in this report have been appended for the convenience of the *pro se* plaintiff.

specifically advised that he is "required to promptly notify the Clerk's Office and all parties or their counsel, in writing, of any change in his address" and his "failure to do so will result in the dismissal of his action[.]" Dkt. No. 5 at 22 (emphasis omitted). It appears that, despite this admonition, plaintiff has moved without notifying the court of the change in his circumstances.

Rule 41(b) of the Federal Rules of Civil Procedure provides that a court may, in its discretion, order dismissal of an action based on a plaintiff's failure to prosecute or comply with an order of the court.[4] Fed. R. Civ. P. 41(b); *Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014); *Rodriguez v. Goord*, No. 04-CV-0358, 2007 WL 4246443, at *2 (N.D.N.Y. Nov. 27, 2007) (Scullin, J. *adopting report and recommendation by* Lowe, M.J.). That discretion should be exercised when necessary to "achieve the orderly and expeditious disposition of cases." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962). A dismissal, however, is a particularly harsh remedy, especially when invoked against a *pro se* plaintiff. *Salahuddin v. Harris*, 782 F.2d 1127, 1132 (2d Cir. 1986); *Secs. & Exch. Comm'n v. Research*

---

[4] Although Rule 41(b) grants a defendant leave to move for dismissal based on a plaintiff's failure to prosecute or comply with a court order (rather than grant the court explicit authority to dismiss *sua sponte*), "courts retain the 'inherent power' to *sua sponte* 'clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief.'" *Rodriguez*, 2007 WL 4246443, at *2 (quoting *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962)). Indeed, the local rules of this court recognize this authority and mandate that the court exercise it under certain circumstances. *See, e.g.*, N.D.N.Y. L.R. 41.2(a).

*Automation Corp.*, 521 F.2d 585, 588 (2d Cir. 1975). A determination of whether to dismiss an action pursuant to Rule 41(b) involves consideration of five specific factors, including (1) the duration of the plaintiff's failure to comply with court orders; (2) whether the plaintiff was on notice that failure to comply would result in dismissal; (3) whether the defendant is likely to be prejudiced by further delay in the proceedings; (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in "a fair chance to be heard"; and (5) whether the imposition of sanctions less drastic than dismissal are appropriate. *Baptiste*, 768 F.3d at 216; *Shannon v. Gen. Elec. Co.,* 186 F.3d 186, 193-94 (2d Cir. 1999); *see also Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996).

Based upon careful consideration of the foregoing factors, I conclude that dismissal of plaintiff's complaint at this juncture is warranted. The inability to communicate with plaintiff, due solely to his failure to provide the court with his new address, dates back to February 2015.[5] Dkt. No. 7. Plaintiff was placed on notice by Judge Hurd's initial order that his failure to comply with the court's change of address requirement would result in dismissal of his complaint. Dkt. No. 5 at 22. The delay caused by plaintiff's

---

[5] For reasons that are not apparent, an order issued by the court on March 12, 2015, served on plaintiff by regular mail to the address listed in his complaint, was not returned as undeliverable. Dkt. No. 11.

failure to comply with the court's local rules has resulted in a delay in this action, which undoubtedly prejudices the defendant and has an adverse effect upon the court's interest in managing its docket. In contrast to the prejudice to defendant, it does not appear that plaintiff will be significantly disadvantaged by dismissal of his complaint in this matter in light of the pending parallel state-court action involving the same claim against the same defendant. Moreover, an interest in receiving a fair opportunity to be heard regarding his claims does not seem to be paramount to plaintiff, particularly given his failure to respond to defendant's motion. In deciding the appropriate course of action, I have considered, but rejected as inadequate, less drastic sanctions, and I remain doubtful that any notice of such sanctions would even reach plaintiff. For these reasons, I conclude that the relevant factors weigh decidedly in favor of dismissal of plaintiff's remaining claim in this action.

III.   SUMMARY AND RECOMMENDATION

Despite being reminded of the critical importance of the requirement that he advise the court of any change of address, plaintiff has apparently moved without notifying the court, thereby making it impossible to communicate with him regarding the action. In light of this circumstance,

coupled with plaintiff's failure to respond to in opposition to defendant's pending dismissal motion, it is hereby respectfully

RECOMMENDED that plaintiff's complaint in this action be dismissed, *sua sponte*, for failure to prosecute.

NOTICE: Pursuant to 28 U.S.C. § 636(b)(1), the parties may lodge written objections to the foregoing report. Such objections must be filed with the clerk of the court within FOURTEEN days of service of this report. FAILURE TO SO OBJECT TO THIS REPORT WILL PRECLUDE APPELLATE0020REVIEW. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72; *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993).

It is hereby ORDERED that the clerk of the court serve a copy of this report and recommendation upon the parties in accordance with this court's local rules.

Dated: April 27, 2015
Syracuse, New York

David E. Peebles
U.S. Magistrate Judge

Not Reported in F.Supp., 1996 WL 172699 (N.D.N.Y.)

(Cite as: 1996 WL 172699 (N.D.N.Y.))

C

Only the Westlaw citation is currently available.
United States District Court, N.D. New York.

Kevin DANSBY, Plaintiff,
v.
ALBANY COUNTY CORRECTIONAL FACILITY STAFF, Defendant.
No. 95-CV-1525 (RSP/RWS).

April 10, 1996.

Kevin Dansby pro se.

*ORDER*

POOLER, District Judge.

***1** In an order and report-recommendation dated December 8, 1995, Magistrate Judge Smith noted that Dansby had not signed the complaint he filed to commence this action. Magistrate Judge Smith directed Dansby to submit an affidavit which contained all of the representations delineated in Fed.R.Civ.P. 11(b) with respect to his complaint. The magistrate judge recommended dismissal of Dansby's action if Dansby failed to comply with the terms of the report-recommendation within forty-five (45) days from the date of the service.

On December 12, 1995, a copy of the report-recommendation was served on Dansby by regular mail to his last known address, the Albany County Jail. On December 22, 1995, the jail returned the report-recommendation marked "Return to Sender -- No Forwarding Order on File."

Rule 41(b) of the Federal Rules of Civil Procedure provides that a court may, in its discretion, dismiss an action based upon the failure of a plaintiff to prosecute an action or comply with any order of the court. *Link v. Wabash R.R. Co.,* 370 U.S. 626, 629 (1962). The district court may exercise its discretion to dismiss when necessary to achieve orderly and expeditious disposition of cases. *See Rodriguez v. Walsh,* 1994 W.L. 9688, at *1 (S.D.N.Y. 1994).

Moreover, a plaintiff has the duty to inform the Court of any address changes. As the Fifth Circuit has stated:

It is neither feasible nor legally required that the clerks of the district courts undertake independently to maintain current addresses on all parties to pending actions. It is incumbent upon litigants to inform the clerk of address changes, for it is manifest that communications between the clerk and the parties or their counsel will be conducted principally by mail. In addition to keeping the clerk informed of any change of address, parties are obliged to make timely status inquiries. Address changes normally would be reflected by those inquiries if made in writing.

*Perkins v. King,* No. 84-3310, slip op. at 4 (5th Cir. May 19, 1985) (citing *Williams v. New Orleans Public Service, Inc.,* 728 F.2d 730 (5th Cir. 1984); *Wilson v. Atwood Group,* 725 F.2d 255 (5th Cir. 1984) (en banc)); *see Wehlen v. Foti et al.,* 1987 W.L. 8039, at *1-2 (E.D.La. 1987); *see generally* Rule 41.2(b) of the Local Rules of Practice for the Northern District of New York.

This matter cannot proceed without Dansby filing the affidavit described above or notifying the court of his current address. Therefore, it is hereby

ORDERED, that this action is dismissed. *See* Rules 5.4(b)(4) and 41.2(b) of the Local Rules of Practice for the Northern District of New York, and it is further

ORDERED, that the Clerk serve a copy of this Order on the plaintiff by regular mail at his last known address.

IT IS SO ORDERED.

N.D.N.Y.,1996.

Dansby v. Albany County Correctional Facility Staff
Not Reported in F.Supp., 1996 WL 172699 (N.D.N.Y.)
END OF DOCUMENT

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.